STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 1000

DAVID LACERTE

VERSUS

STATE OF LOUISIANA, DARYL PURPERA, INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY AS LOUISIANA LEGISLATIVE AUDITOR,
STEPHEN STREET, JR., INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS STATE INSPECTOR GENERAL

Judgment Rendered: **APR 1 6 2021**

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana

Docket No. 654973

The Honorable William Dupont and the
Honorable Max Tobias, Judges Ad Hoc Presiding

* * * * *

Jill L. Craft                           Counsel for Plaintiff/Appellant,
W. Brett Conrad, Jr.                    David LaCerte
Baton Rouge, Louisiana


Jeff Landry                             Counsel for Defendants/Appellees,
Louisiana Attorney General              State of Louisiana and Daryl Purpera,
David G. Sanders                        individually and in his official
Baton Rouge, Louisiana                  capacity as Louisiana Legislative
                                        Auditor

Thomas M. Flanagan
Camille E. Gauthier
Andy Dupre
New Orleans, Louisiana

Jeff Landry
Louisiana Attorney General
Preston J. Castille, Jr.
Katia D. Bowman
Vicki M. Crochet
Ne'Shira Millender
Baton Rouge, Louisiana

Counsel for Defendant/Appellee,
Stephen Street, Jr., individually and in
his official capacity as State Inspector
General

* * * * *

**BEFORE: WHIPPLE, C.J., WELCH, AND CHUTZ, JJ.**

Chutz, J. (by other) concurs and assigns reasons.

2

**WHIPPLE, C.J.**

This matter is before us on appeal by plaintiff, David LaCerte, from a judgment of the trial court granting a motion for attorney's fees and costs by defendants, the State of Louisiana and Daryl Purpera, individually and in his official capacity as Louisiana Legislative Auditor, pursuant to a judgment granting the defendants' special motion to strike pursuant to LSA-C.C.P. art. 971. For the reasons that follow, we reverse.

## FACTS AND PROCEDURAL HISTORY

David LaCerte, former Secretary of the Louisiana Department of Veterans Affairs ("the Department"),[1] filed a defamation suit against the State of Louisiana, Daryl Purpera, individually and in his official capacity as Louisiana Legislative Auditor, and Stephen Street, Jr., individually and in his official capacity as State Inspector General, arising from a joint investigation conducted by the Legislative Auditor and the Inspector General that culminated in a report published by the defendants, via a press release. Mr. LaCerte alleged that the report and press release wrongfully accused him of criminal conduct, including falsifying public records by providing an inaccurate military biography on the Department's website and engaging in "questionable" hiring, spending, travel and organizational practices during his tenure with the Department.

The defendants filed a joint special motion to strike pursuant to LSA-C.C.P. art. 971, seeking to dismiss Mr. LaCerte's suit against all defendants in their individual and official capacities.[2] Mr. LaCerte opposed the motion, filing an

---

[1]Prior to his appointment as Secretary, Mr. LaCerte served as Deputy Secretary and Interim Secretary of the Department.

[2]Louisiana Code of Civil Procedure article 971, entitled, "Special motion to strike" provides, in part:

> A. (1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a

expedited motion to strike contending that the defendants' motion was untimely pursuant to LSA-C.C.P. art. 971(C)(1) and that the State, as well as Mr. Street and Mr. Purpera in their official capacities, have no constitutional rights and, thus, are not "persons" entitled to relief under Article 971.[3] By a judgment dated May 15, 2019, the trial court denied the expedited motion to strike filed by Mr. LaCerte and granted the defendants' Article 971 special motion to strike. Mr. LaCerte appealed this judgment and the defendants answered the appeal.

Meanwhile, having prevailed on the Article 971 special motion to strike, on October 25, 2019, the State and Mr. Purpera, individually and in his official capacity, filed a motion for attorney's fees and costs pursuant to LSA-C.C.P. art. 971(B), which provides that "a prevailing party on a special motion to strike shall be awarded reasonable attorney fees and costs." Following a hearing,[4] on March 12, 2020, the trial court issued written reasons for judgment granting the motion for attorney's fees and costs.[5] A written judgment was signed on June 22, 2020, awarding attorney's fees in the amount of $48,606.00 with legal interest, as well as court costs associated with the filing of the motion.[6] Mr. LaCerte then filed the instant appeal contending in five assignments of error that the trial court erred in awarding attorney's fees and costs in favor of the defendant. The State and Mr. Purpera,

---

special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim.

[3]Pursuant to LSA-C.C.P. art. (C)(1), "[t]he special motion may be filed within ninety days of service of the petition, or in the court's discretion, at any later time upon terms the court deems proper."

[4]The motion for attorney's fees and costs was heard on March 9, 2020, by the Honorable William Dupont, who was sitting *ad hoc* for the Honorable William A. Morvant.

[5]On December 30, 2020, this court issued an order granting a motion by defendants to supplement the appellate record with the trial court's written reasons for judgment and instructing the clerk's office to supplement the appellate record with same.

[6]The June 22, 2020 judgment was signed by the Honorable Max Tobias, who was sitting *ad hoc* for the Honorable William A. Morvant. A separate judgment was rendered awarding attorney's fees and costs to Mr. Street, individually and in his official capacity as the Louisiana Inspector General, which is not before us in this appeal.

4

individually and in his official capacity, answered the appeal and seek an award of attorney's fees for work performed in connection with this appeal pursuant to LSA-C.C.P. art. 971(B) "based upon their successful motion to strike."

On January 4, 2021, however, this court rendered judgment reversing the trial court's May 15, 2019 judgment denying Mr. LaCerte's expedited motion to strike and granting the defendants' Article 971 special motion to strike. See LaCerte v. State, 2019-1401 (La. App. 1st Cir. 1/4/21), __ So. 3d __, 2021 WL 21763, writ denied, 2021-00193 (La. 3/23/21), __ So. 3d __. Therein, this court determined that the State and official capacity defendants, as juridical persons rather than natural persons, do not have a constitutional right to freedom of speech, and thus, that these defendants cannot satisfy their initial burden of proof under Article 971 of making a *prima facie* showing that their comments were constitutionally protected. Therefore, upon submission to a five-judge panel, the majority ultimately concluded that the trial court erred in denying Mr. LaCerte's motion to strike the Article 971 motion filed by the State and Mr. Street and Mr. Purpera in their official capacities and in further granting the Article 971 special motion to strike filed by defendants. See LaCerte v. State, __ So. 3d at __, 2021 WL 21763 at *10-11.[7] This court further determined that the trial court erred in granting the Article 971 motion in favor of Mr. Purpera and Mr. Street in their individual capacities, noting that where there was no contention by either party that Mr. LaCerte's cause of action arose from statements made by Mr. Purpera and Mr. Street in their individual capacities in the exercise of their right to free speech, as natural persons, in connection with a public issue, LSA-C.C.P. art. 971 did not apply. LaCerte v. State, __ So. 3d at __, 2021 WL 21763 at *10. Accordingly, the defendants' answer to appeal was denied, and

_____

[7]Two judges concurred in part and dissented in part. See LaCerte v. State, __ So. 3d at __, 2021 WL 21763 at *11-16.

5

the matter was remanded to the trial court for further proceedings. LaCerte v. State, __ So. 3d at __, 2021 WL 21763 at *10.

The judgment now before us on appeal granted the defendants' motion for attorney's fees and costs because the defendants prevailed on their Article 971 special motion to strike. However, considering our reversal of the trial court's judgment granting the Article 971 special motion to strike, and the Louisiana Supreme Court's denial of the supervisory writ application, we must also reverse the trial court's judgment awarding the defendants' attorney's fees and costs pursuant to LSA-C.C.P. art. 971(B) in furtherance of the trial court's earlier judgment. For the same reasons, we also will deny the defendants' answer to appeal seeking an attorney's fees for work performed in connection with this appeal.

## CONCLUSION

For the foregoing reasons, the June 22, 2020 judgment of the trial court in favor of the defendants is hereby reversed. The defendants' answer to appeal is denied. Costs of this appeal in the amount of $1,508.50 are assessed against defendants/appellees, the State of Louisiana and Daryl G. Purpera, individually and in his official capacity as Louisiana Legislative Auditor.

**JUDGMENT REVERSED; ANSWER TO APPEAL DENIED.**

| DAVID LACERTE | STATE OF LOUISIANA |
|---|---|

VERSUS

COURT OF APPEAL

| STATE OF LOUISIANA, DARYL | FIRST CIRCUIT |
| PURPERA AS LEGISLATIVE | |
| AUDITOR, STEPHEN STREET AS | |
| STATE INSPECTOR GENERAL | NUMBER 2020 CA 1000 |

CHUTZ, J., concurring.

This court has previously concluded that the State of Louisiana and Daryl Purpera, as the Louisiana Legislative Auditor, and Stephen Street, as the Louisiana Inspector General, in their official capacities as juridical persons rather than natural persons, do not have a constitutional right to freedom of speech. See *LaCerte v. State*, 2019-1401 (La. App. 1st Cir. 1/4/21), --- So.3d ----, ----, 2021 WL 21763, at *10. Therefore, the trial court's rulings, granting defendants' special motion to strike under La. C.C.P. art. 971 and denying David LaCerte's motion to strike the Article 971 motion, were reversed. *Id.*

Upon the denial of the defendants' application for a supervisory writ by the Louisiana Supreme Court, see *LaCerte v. State*, 2021-00193 (La. 3/23/21), --- So.3d ----, the statutory basis for the award of attorney fees to defendants was lost. Accordingly, under an application of the law-of-the-case doctrine, the majority has correctly reversed the award of attorney fees to the defendants. See *Jourdan v. Allmerica Financial Benefit Ins. Co.*, 2020-0386 (La. App. 1st Cir. 12/30/20), 2020 WL 7768713, at *2, --- So.3d ----, ----, writ denied, 2021-00133 (La. 3/16/21) (an appellate court generally does not revisit its own rulings of law on a subsequent appeal in the same case to avoid re-litigation of the same issues, to promote consistency of result in the same litigation, and to promote efficiency and fairness to the parties by affording a single opportunity for argument and a decision).

Accordingly, I concur.